# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7694 | **DATE** | 12/6/2001 |
| **CASE TITLE** | RETSKY FAMILY LIMITED vs. PRICE WATERHOUSE LLP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum opinion And Order. The Proposed settlement is approved, and Plaintiff's request for an award of attorney's fees, reimbursement of expenses and a special award is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 5 number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 10 2001 date docketed | |
| ✓ | Docketing to mail notices. | | DEC 10 2001 | 151 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| LG courtroom deputy's initials | | 01 DEC -7 PM 4:16 DEC 10 2001 date mailed notice DEC 10 2001 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

RETSKY FAMILY LIMITED
PARTNERSHIP,

    Plaintiff,

    v.

PRICE WATERHOUSE LLP,

    Defendant.

Case No. 97 C 7694

The Honorable John W. Darrah

DEC 10 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff the Retsky Family Limited Partnership ("Plaintiff" or "Retsky") seeks approval of a settlement for a class of all persons who purchased or otherwise acquired common stock of System Software Associates, Inc. ("SSA") during a period from December 15, 1994 through January 7, 1997, and thereby suffered damages. Plaintiff also seeks an award of attorney's fees and reimbursement of expenses from the proceeds of the proposed settlement. For the reasons that follow, the proposed class settlement, award of attorney's fees and reimbursement of expenses to be paid from the proceeds of the settlement and special award are approved.

*The Proposed Class Settlement*

### LEGAL STANDARD

A class settlement will be approved if it is fair, reasonable and adequate. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). A court will consider the following factors in determining whether a proposed settlement is fair, reasonable and adequate: "(1) 'the strength of the case for the plaintiffs

on the merits, balanced against the amount offered in settlement'; (2) '[T]he defendant's ability to pay'; (3) '[T]he complexity, length and expense of further litigation'; (4) '[T]he amount of opposition to the settlement'"; (5) the presence of collusion in reaching a settlement; (6) the reaction of members of the class to the settlement; (7) the opinion of competent counsel; and (8) the stage of the proceedings and the amount of discovery to be completed. *Armstrong v. Bd. of Sch. Dirs.*, 471 F. Supp. 800, 804 (E.D. Wis. 1979) (citing Manual for Complex Litigation § 1.46 at 56 (1977) (supplement to Charles Alan Wright & Arthur Miller, Federal Practice and Procedure (1969-1985)); 3B Moore's Federal Practice ¶ 23.80(4) (2d ed. 1978)). However, the court is not to convert the settlement hearing into a trial on the merits. *See Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir. 1987), *aff'd en banc*, 880 F.2d 928 (7th Cir. 1989).

## BACKGROUND

On October 31, 1997, Plaintiff filed a complaint against Price Waterhouse LLP ("PW"), the predecessor firm to PriceWaterhouse Coopers LLP, on behalf of all persons who purchased or otherwise acquired SSA common stock between December 15, 1994 and January 7, 1997, thereby suffering damages. Days before trial, the parties agreed to settle the case through a four-day arbitration. The agreement to settle the case through arbitration was reached after extensive negotiations between Plaintiff's counsel and PW's counsel.

At completion of arbitration, the plaintiff class was awarded $14,000,000 to settle its claims. This amount has been earning interest for the plaintiff class since June 29, 2001. This amount, less taxes, approved costs, attorney's fees and expenses, will be distributed to members of the plaintiff class who submit valid, acceptable Proofs of Claim. Pursuant to order of the Court, Plaintiff arranged for the mailing and publication of notice to the class. Plaintiff then filed its request that this

Court approve the settlement as fair, reasonable and adequate.

## DISCUSSION

The strength of Plaintiff's case balanced against the amount offered in settlement favors a determination that the proposed settlement is fair, reasonable and adequate. The instant case involves securities litigation. Many cases like this one have been lost at trial, on post-trial motion or appeal. *See, e.g., Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (reversing jury finding of liability in suit brought under section 10(b) of the Securities Exchange Act of 1934).

It is not certain that Plaintiff would have been able to obtain a favorable monetary result against PW at trial. A jury may have found PW's witnesses to be more credible. PW would have presented evidence that its conduct had not caused any monetary damages to Plaintiffs. A determination as to whether the plaintiff class had sustained monetary damages would have required extensive expert testimony as set out below. No one knows whose experts would have been more persuasive to a jury. The settlement provides certainty of recovery that was not available with litigation.

Furthermore, any judgment obtained at trial, however substantial, may not be distributed to the plaintiff class for many years due to post-trial motions and appeals. The plaintiff class has received a $14,000,000 cash settlement. This immediate and substantial recovery favors a determination that the proposed settlement is fair, reasonable and adequate.

Second, PW is able to pay the proposed settlement. Thus, this factor also favors approval of the settlement as fair, reasonable and adequate.

The complexity, length and expense of further litigation favor approval of the settlement. Securities fraud litigation is long, complex and uncertain. *See Trief v. Dun & Bradstreet Corp.*, 840

F. Supp. 277, 281 (S.D.N.Y. 1993); *Hoffman Elec., Inc. v. Emerson Elec. Co.*, 800 F. Supp. 1289, 1295 (W.D. Pa. 1992). In this case, each side had identified multiple trial experts to testify on the issues in the case. In fact, at least five experts were expected to testify at trial. In the final pretrial order submitted to the Court, the parties identified over 1,000 exhibits, forty witnesses and indicated that they anticipated that the trial would last fifteen to twenty-eight days. This evidence supports the conclusion that the case is very complex.

Furthermore, the settlement avoids the expense of continuing the litigation. Continued litigation would require significant attorney and expert time, use of computer graphics and technical support in the courtroom, as well as the usual cost of trial, such as travel or copying. Thus, the cost of litigation is quite high and is significantly reduced by settlement.

The procedure that was used clearly demonstrates the absence of collusion between the parties and favors approval of the settlement as fair, reasonable and adequate. Settlement negotiations that are conducted at arm's length and in good faith demonstrate that a settlement is not the product of collusion. *Scholes v. Stone, McGuire & Benjamin*, 839 F. Supp. 1314, 1318 (N.D. Ill. 1993). Here, the arbitration was conducted over a four-day period. (Dumain Aff. ¶ 33.) Plaintiff's counsel was permitted to give opening and closing statements, conduct direct and cross-examination of witnesses and present legal arguments concerning loss causation to the Arbitrator. (Dumain Aff. ¶ 33.) This evidence is sufficient to establish that the negotiations were conducted at arm's length and in good faith. Thus, there was no possibility of collusion between the parties.

Plaintiff's counsel deem the settlement to be fair, reasonable and adequate. The Court can consider the opinion of competent counsel in determining whether a settlement is fair, reasonable and adequate. *Isby*, 75 F.3d at 1200. Plaintiff's counsel are "experienced and skilled practitioners

in the securities litigation field, and are responsible for significant settlements as well as legal decisions that enable litigation such as this to be successfully prosecuted." (Dumain Aff. ¶ 69.) Thus, Plaintiff's counsel are competent. Therefore, their opinion that the settlement is fair, reasonable and adequate also favors approval of the settlement.

The absence of objection to a proposed class settlement is evidence that the settlement is fair, reasonable and adequate. *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992); *Schwartz v. Novo Indus.*, 119 F.R.D. 359, 363 (S.D.N.Y. 1988). Pursuant to the Court's order, Plaintiff caused to be mailed more than 17,786 copies of the Notice to Class Members, and a summary notice of the proposed settlement and hearing was published in the Wall Street Journal. (Dumain Aff. ¶ 46.) The deadline for filing objections was October 29, 2001, and no objections have been received. Thus, the absence of objection to the settlement is evidence that the settlement is fair, reasonable and adequate.

Finally, the stage of litigation at which the settlement was reached also favors approval of the settlement. In *Armstrong*, the court found that this factor weighed in approving the proposed settlement because the litigation had progressed to a stage where the court and counsel could evaluate the merits of the case and the probable course of future litigation. 471 F. Supp. at 805, 806. Likewise, here, the settlement was reached after four years of litigation and the completion of fact and expert discovery, while parties were actively preparing for trial. The final pretrial order as well as a motion for summary judgment had been filed. It is clear that, in this case, both counsel and the Court have evaluated the merits of the case and the course of future litigation. It is also clear that counsel have a firm basis on which to assess the proposed settlement.

Therefore, based on the foregoing, the Court finds that the proposed settlement is fair,

reasonable and adequate. Accordingly, the proposed settlement is approved. The Court also approves the proposed Plan of Allocation. The same standards of fairness, reasonableness and adequacy that apply to the settlement apply to the Plan of Allocation. The Court finds that these standards have been met with respect to the Plan of Allocation.

*Attorney's Fees*

Plaintiff requests attorney's fees of 33 1/3 % of the settlement amount, or $4,666,667.67, plus interest, and counsel's out-of-pocket expenses of $996,343.66. (Dumain Aff. ¶ 56.) Under either the percentage method or the lodestar method, Plaintiff's requested attorney's fees are reasonable.

"When a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund." *Florin v. Nationsbank, N.A.*, 34 F.3d 560, 563 (7th Cir. 1994). A court may determine reasonable attorney's fees as either a percentage of the fund or the lodestar amount, i.e. the number of hours worked multiplied by the attorney's hourly rate. *Florin*, 34 F.3d at 563. "[C]ourts may not enhance a fee award above the lodestar amount to reflect risk of loss or contingency." *Florin*, 34 F.3d at 564. "[T]he decision whether to use a percentage method or a lodestar method remains in the discretion of the district court." *Florin*, 34 F.3d at 566.

Courts try to approximate the market in determining reasonable attorney's fees. "The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client." *Steinlauf v. Continental Ill. Corp. (In re Continental Ill. Sec. Litig.)*, 962 F.2d 566, 572 (7th Cir. 1992). A customary contingency fee would range from 33 1/3% to 40% of the amount recovered. *See, e.g., Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986); *In re Sell Oil Refinery*, 155 F.R.D. 552, 572 (E.D. La. 1993) ("The

customary contingency fee is between 33 1/3% and 40%."). Thus, the requested one-third of the common fund constitutes a reasonable attorney's fee.

Plaintiff's counsel worked 14,085.18 hours on this case. Under the lodestar method, this would amount to $4,842,573.55 in attorney's fees. (Dumain Aff. ¶ 57.) Attorney's fees determined by the percentage method amount to $4,666,667.67. This amount is lower than the amount determined by the lodestar method, which suggests that one-third of the common fund is a reasonable attorney's fee. Furthermore, no member of the plaintiff class has objected to the request for attorney's fees. This also suggests that the requested attorney's fees are reasonable. *See Ressler*, 149 F.R.D. at 656. Therefore, the Plaintiff's request for attorney's fees and costs is granted.

In *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (citing *Spicer v. Chicago Bd. Options Exchange, Inc.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993)), the Seventh Circuit held that a court may grant a special award to the named plaintiff in a class action based on "the actions the plaintiff had taken to protect the interests of the class, the degree to which the class benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." Based on the representations of counsel as to the services rendered by the Retsky Family Limited Partnership in the prosecution of the class action, as more fully set out in the transcript of the proceedings of November 19, 2001, the Court finds that a special award is appropriate and that the sum of $7,500 is reasonable compensation.

## CONCLUSION

For the reasons stated herein, the proposed settlement is approved, and Plaintiff's request for an award of attorney's fees, reimbursement of expenses and a special award is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge

United States District Court

Date: 12-6-01